UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHAUNCEY D. TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4076** |
| **ROBERT TANNER, WARDEN** | **SECTION: "F"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**[1]

The Jefferson Parish District Attorney filed a bill of information charging petitioner, Chauncey Taylor, a prisoner incarcerated in Rayburn Correctional Center, with attempted second degree murder (count one), possession of a firearm by a convicted felon (count two), and possession with intent to distribute cocaine (count three). On February 11, 2003, a twelve-member jury returned a responsive verdict of guilty of aggravated battery with respect to count one. With regard to count two, the jury found Taylor guilty as charged. On count three, the jury returned a responsive verdict of guilty of possession of cocaine. On February 24, 2003, Taylor was sentenced to ten years imprisonment at hard labor on count one and fifteen years imprisonment at hard labor on count two, with both sentences to be served without benefit of parole, probation or suspension of sentence. With regard to count three, Taylor was sentenced to five years of imprisonment at hard labor, with all three sentences to run concurrently. On that same date, the State filed a multiple offender bill of information charging Taylor with being a third felony offender and seeking to enhance the aggravated battery sentence. Taylor initially denied the

---

[1]A portion of the above procedural history was obtained from the Louisiana Fifth Circuit Court of Appeal's opinion, State v. Taylor, No. 2004-KA-54, 874 So.2d 297 (La. App. 5 Cir. 2004).

allegations set forth in the multiple offender bill of information, but subsequently stipulated that he was a third felony offender. The trial court vacated the original aggravated battery sentence and imposed a sentence of seventeen and one-half years at hard labor.

On April 27, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed Taylor's convictions and sentences, but remanded the matter to the district court in order to allow the court to make the appropriate corrections to the commitment order to ensure the commitment was in accordance with the pertinent transcript. State v. Taylor, No. 2004-KA-54, 874 So.2d 297 (La. App. 5 Cir. 2004). On November 8, 2004, the Louisiana Supreme Court denied petitioner's writ applications. State v. Taylor, No. 2004-KO-1326, 885 So.2d 1122 (La. 2004) and State v. Taylor, No. 2004-KO-1495, 885 So.2d 1120 (La. 2004). Ninety days later, on February 7, 2005, Taylor's convictions became final when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000)(citing 28 U.S.C. §2244(d)(1)(A)); see also United States v. Gamble, 208 F.3d 536 (5th Cir. 2000).

Following the finality of his convictions, petitioner did not seek state post-conviction relief, but rather, on May 11, 2005,

3

filed a federal petition for habeas corpus relief, <u>Chauncey D. Taylor v. Warden Gary Copes</u>, Civil Action 05-2411 "T"(5) (E.D. La. 2004). On November 14, 2005, Judgment was entered in Civil Action 05-2411 "T"(5) dismissing said action without prejudice due to Taylor's failure to exhaust his state court remedies.

On July 27, 2006, Taylor filed an application for post-conviction relief with the state district court. On May 14, 2007, the state district court denied Taylor relief.[2] On June 29, 2007, the Louisiana Fifth Circuit Court of Appeal likewise denied Taylor post-conviction relief.[3] On May 2, 2008, the Louisiana Supreme Court denied Taylor's writ application. *State ex rel. Taylor v. State*, No. 2007-KH-1563, 979 So.2d 1279 (La. 2008). On July 8, 2008, Taylor filed the instant application for federal habeas corpus relief.

**<u>ANALYSIS</u>**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[4] a petitioner has one year within which to bring his

---

[2] A copy of the district court's decision is contained in the State Rec., vol. 4 of 5.

[3] A copy of the state appellate court's decision is contained in the State Rec., vol. 4 of 5.

[4] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

habeas corpus claims pursuant to 28 U.S.C. §2254. This one-year period generally commences to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (West 2009). Taylor's time for seeking direct review expired on February 7, 2005. Thus, under the clear language of the statute, Taylor had a year from that date, until February 7, 2006, to timely seek federal habeas corpus relief.

The instant action was not filed until July 8, 2008, over two years after prescription expired. Thus, this action must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, Taylor did not file any state post-conviction or collateral review proceedings during his one-year limitation period. It was not July 27, 2006, over five months after prescription had expired, that Taylor filed an application with the state district court for post-conviction relief. Taylor's first federal habeas corpus application, filed on May 11, 2005, within

5

the one-year prescriptive period, "is not an application for 'State post-conviction or other collateral review' within the meaning of §2244(d)(2)" and, as such, did not toll the AEDPA's one-year statue of limitations. Spears v. Tappin, 2008 WL 3849900, *1 (M.D. La. Aug. 14 2008), citing Duncan v. Walker, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129 (2001); see also In re Johnson, 2009 WL 1158812, *2 (5th Cir. Apr. 30, 2009) (per curiam) ("Johnson's federal habeas petition does not toll the [AEDPA's] statute of limitations."). Accordingly, the instant matter is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), quoting Davis v. Johnson, 158 F.3d 806 (5th Cir 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), citing Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. Coleman, 184 F.3d at 403.

In his reply memorandum (rec. doc. 7), Taylor offers no basis for equitably tolling prescription nor has this Court's review of the record uncovered any such basis.  Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that Taylor's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this <u>5th</u> day of <u>     June     </u>, 2009.

_____
ALMA L. CHASEZ
United States Magistrate Judge